IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE B. KESTER, | : | Case No. 3:13-CV-02331 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Cohn) |
| | : | |
| CAROLYN W. COLVIN, | : | |
| ACTING COMMISSIONER OF | : | |
| SOCIAL SECURITY | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

April 21, 2015

On March 2, 2015, Magistrate Judge Gerald B. Cohn filed a Report and Recommendation ("R&R"), recommending that the Commissioner's decision to deny social security disability benefits be vacated and the case remanded to the Commissioner to develop the record, and to conduct a new administrative hearing. ECF No. 20.  The Defendant, the Commissioner of Social Security, filed objections to the R&R on March 18, 2015.  ECF No. 21.  The Plaintiff, Lee B. Kester, filed a response to the Commissioner's objection on April 7, 2015.  ECF No. 24.  Upon consideration of the record of the proceedings before the Administrative Law Judge ("ALJ"), the R&R and objections to the R&R, this Court approves and adopts

1

Magistrate Judge Cohn's R&R vacating the ALJ's decision.

**I. Standard of Review**

When objections to the magistrate judge's reports are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks,* 885 F.2d 1099, 1106 n.3 (3d Cir. 1989), provided that the objections are both timely and specific. *Goney v. Clark*, 749, F.2d 5, 6-7 (3d Cir. 1984). In making a *de novo* review, the Court may accept, reject or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard,* 829 F. Supp. 736, 738 (M.D. Pa 1993)(McClure, J.) The Commissioner's factual findings must be deemed conclusive unless the reviewing court finds they are not supported by substantial evidence. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Substantial evidence is less than a large or considerable amount of evidence; it only requires enough relevant evidence that a reasonable mind might accept it as adequate to support a conclusion. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999).

**II. Discussion**

The factual background and the procedural history of this case are set forth in

the R&R and will be recited here only as necessary to address the issue raised in the Commissioner's objections.

Disability determinations are evaluated using a five-step process. 20 C.F.R. §§ 404.1520, 416.920. Imbedded within this sequential process is a determination of the Plaintiff's Residual Functional Capacity ("RFC"). A RFC "is defined as that which an individual is still able to do despite the limitations caused by his impairments." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). Here, the ALJ, after reviewing multiple RFC opinions from the Plaintiff's treating physicians and the State Agency Medical Consultant, found none of them to be controlling and accorded them little weight. Tr. 30. As a result, the ALJ's final RFC assessment appears to have been developed based on her own interpretation of the Plaintiff's impairments. The ALJ described the Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can occasionally climb, balance, and stoop but never on ladders; has a bilateral overhead reach limitation; should avoid temperature extremes, humidity, vibrations and hazards; is limited to simple routine tasks; low stress as defined as only occasional decision making and only occasional changes in the work setting; no interaction with the public; and only occasional interaction with co-workers.

Tr. 33.

The ALJ's RFC determination is significantly less restrictive than the RFC opinions

given by three treating physicians and the state agency's medical consultant[1].

The Magistrate Judge determined that by rejecting all of the expert medical opinions, the ALJ impermissibly relied on speculation or lay interpretation of the medical record to reach her RFC's conclusion. As a result, the Magistrate Judge concluded that substantial evidence did not support the ALJ's assessment of Plaintiff's physical impairments.

The Commissioner argues that, contrary to Magistrate Judge Cohn's report, an ALJ need not base a Residual Functional Capacity ("RFC") determination on a medical opinion. The RFC, according to the Commissioner, is strictly a determination for the Commissioner. *Brown v. Astrue,* 649 F.3d 193, 197 n.2 (3d Cir. 2011); 20 C.F.R. § 416.927(d)(2). As a result, the ALJ is not bound by the medical opinions provided by Plaintiff's treating physicians and the state agency medical consultant. *Chandler v. Comm'r of Soc. Sec.* 667 F.3d 356, 361 (3d Cir. 2011). The Commissioner further argues that substantial evidence supported the ALJ's determination as she examined Plaintiff's record longitudinally before coming to the

---

[1] The first doctor, Dr. Moscato, opined that Plaintiff retained the RFC to perform less than a full range of sedentary exertional work with postural, manipulative, and environmental limitations. The next doctor, Dr. Manzella, opined that the Plaintiff retained the residual functional capacity for less than sedentary ranger of exertional work. Finally, Dr. Nader a third treating physician, opined that Plaintiff retained the capacity to perform less than a full range of sedentary exertional work with postural and environmental limitations. The state agency medical consultant also opined that the Plaintiff retained the residual functional capacity for a full range of light exertional work.

correct RFC assessment.

Following a *de novo* review, this Court agrees with Magistrate Judge Cohn's conclusion that the ALJ should have based her RFC decision on at least one physician's opinion. The Commissioner is correct in stating that the RFC assessment must be based on consideration of all the evidence in the record, including the testimony of the claimant regarding his activities of daily living, medical records, lay evidence and evidence of pain. *See Burnett v. Comm'r of Soc. Sec. Admin.,* 220 F.3d 112, 121-22 (3d Cir. 2002); *see also* 20 C.F.R. §404.1545(a). The Commissioner is likewise correct in arguing that the ALJ has the sole responsibility to determine a claimant's RFC. *See generally,* SSR 96-5P, 1996 WL 374183 (July 2, 1996). However, '[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant.' *Gormont v. Astrue,* Civ. No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013) (Nealon, J). An ALJ is not a medical professional and cannot make medical conclusions in lieu of a physician.

As two commentators have explained:

> Sometimes administrative law judges assert that they-and not physicians-have the right to make residual functional capacity determinations. In fact, it can reasonably be asserted that the ALJ has the right to determine whether a claimant can engage in sedentary, light, medium, or heavy work. The ALJ should not assume that physicians know the Social Security Administration's definitions of those terms.

> Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination based on those administrative definitions and is reserved to the Commissioner. *However, the underlying determination is a medical determination, i.e., that the claimant can lift five, 20, 50, or 100 pounds, and can stand for 30 minutes, two hours, six hours, or eight hours. That determination must be made by a doctor. Once the doctor has determined how long the claimant can sit, stand or walk, and how much weight the claimant can lift and carry, then the ALJ, with the aid of a vocational expert if necessary, can translate that medical determination into a residual functional capacity determination.* Of course, in such a situation a residual functional capacity determination is merely a mechanical determination, because the regulations clearly and explicitly define the various types of work that can be performed by claimants, based upon their physical capacities.

Carolyn A. Kubitschek & Jon C. Dubin, Social Security Disability Law and Procedure in Federal Courts, 344–345 (2014) (emphasis added).

Moreover, federal courts have repeatedly held that the ALJ cannot speculate as to a claimant's RFC. The ALJ must support any functional capabilities conclusions by invoking medical evidence in the record. *See e.g. Woodford v. Apfel,* 93 F.Supp. 2d 521, 529 (S.D.N.Y. 2000) ("An ALJ commits legal error when he makes a residual functional capacity determination based on medical reports that do not specifically explain the scope of claimant's work-related capabilities."); *Zorilla v. Chater,* 915 F. Supp. 662, 667 (S.D.N.Y. 1996) ("The lay evaluation of an ALJ is not sufficient evidence of the claimant's work capacity; an explanation of the claimant's functional capacity from a doctor is required."); *see also, Yanchick v. Astrue,* Civil No. 10–1654,

slip op. at 17–19 (M.D. Pa. Apr. 27, 2011) (Muir, J.) (Doc. 11); *Coyne v. Astrue,* Civil No. 10–1203, slip op. at 8–9 (M.D. Pa. June 7, 2011) (Muir, J.) (Doc. 21); *Crayton v. Astrue,* Civil No. 10–1265, slip op. at 38–39 (M.D. Pa. Sept. 27, 2011) (Caputo, J.) (Doc. 17); *Dutton v. Astrue,* Civil No. 10–2594, slip op. at 37–39(M.D. Pa. Jan. 31, 2012) (Munley, J.) (Doc. 14); *Gunder v. Astrue,* Civil No. 11–300, slip op. at 44–46 (M.D. Pa. Feb. 15, 2012) (Conaboy, J.) (Doc. 10)[2]; *Ames v. Astrue,* Civil No. 3:11–CV–1775, slip op. at 55–58 (M.D. Pa. Feb. 4, 2013).[3]

---

[2] In *Gunder* Judge Conaboy reconciled the case of *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 362 (3d Cir. 2011) with *Doak v. Heckler,* 790 F.2d 26, 29 (3d Cir. 1986). Judge Conaboy stated as follows:

> Any argument from the Commissioner that his administrative law judges can set the residual function capacity in the absence of medical opinion or evidence must be rejected in light of *Doak.* Furthermore, any statement in *Chandler* which conflicts (or arguably conflicts) with *Doak* is *dicta* and must be disregarded. *Government of Virgin Islands v. Mills,* 634 F.3d 746, 750 (3d Cir.2011) (a three member panel of the Court of Appeals cannot set aside or overrule a precedential opinion of a prior three member panel).

Slip op. at 45–46.

[3] The Commissioner repeatedly opposes appeals in this Court where the ALJ's decision relating to the claimant's residual functional capacity is defective because of a lack of supporting medical opinion. This is likely because the Social Security Administration has a policy of nonacquiescence, i.e., the policy of not following precedents set by both District Courts and Courts of Appeals other than with respect to the claimant named in a particular decision. *See* Office of Hearings and Appeals Handbook, § 1-161, quoted in *Stieberger v. Heckler,* 615 F. Supp. 1315 (S.D.N.Y 1985), vacated, 801 f.2d 29 (2d Cir.1986) ("[W]here a district court or circuit court[']s decision contains interpretations of the law, regulations, or rulings [that] are inconsistent with the Secretary's interpretations, the [administrative law judges] should not consider such decisions binding on future cases simply because the case is not appealed.").

Accordingly, the United States Court of Appeal for the Third Circuit has found remand to be appropriate where the ALJ's RFC finding was not supported by a medical assessment of any doctor in the record. *See Doak v. Heckler,* 790 F.2d 26, 29 (3d Cir. 1986) (directing remand because the ALJ's conclusion that the claimant had the RFC to perform light work was not supported by substantial evidence in light of the fact that no physician in the record had suggested that the claimant could perform light work while others had reached different conclusions.)

Here as Magistrate Judge Cohn's R&R correctly points out, the ALJ must ground his RFC assessment on something, and usually that something is an opinion from an acceptable medical source. The ALJ failed to support her RFC assessment and her decision to disregard all of the medical opinion to arrive at her own conclusion about Plaintiff's physical capabilities warrants a remand. This Court agrees with Magistrate Judge Cohn's reasoning on the issue and likewise finds that the ALJ's RFC determination is not supported by substantial evidence.

**III. Conclusion**

For the reasons set forth above, the Court finds that the Commissioner's objection to Magistrate Judge Cohn's R&R is without merit. Accordingly, the Court

will adopt the R&R, and the Commissioner's decision is vacated and remanded for further proceedings.  An ORDER consistent with the memorandum follows.

                                          BY THE COURT:

                                          s/Matthew W. Brann
                                          Matthew W. Brann
                                          United States District Judge